596 A.2d 623

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Peter LARSEN.**

**Misc. (Subtitle BV) No. 20, Sept. Term, 1988.**

Court of Appeals of Maryland.

Oct. 4, 1991.

Melvin Hirshman, Bar Counsel for Atty. Grievance Com'n of Md., for petitioner.

Benjamin Lipsitz, Baltimore, Md., for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

By an unreported opinion dated November 28, 1989, we found that Peter Larsen, a member of the Maryland Bar since 1963, had violated various provisions of the Code of Professional Responsibility prior to January 1, 1987, and of the Rules of Professional Conduct for misconduct subsequent to that date. We imposed an indefinite suspension for Larsen's misconduct, without prejudice to his right to apply immediately for reinstatement upon acceptance of a number of conditions, one of which required that he agree to have his practice monitored by a member of the bar approved by Bar Counsel for a period of two years; that the monitor co-sign all escrow checks drawn by Larsen and report promptly to Bar Counsel should he fail to act promptly or properly on behalf of his clients; that the monitor have access to all of Larsen's files and financial records; and that Larsen's clients be given notice of the monitor's purpose and agree to an examination by him of their files.

Larsen applied for reinstatement on December 21, 1989, agreeing to be bound by the conditions imposed by the Court. By order dated January 23, 1990, we reinstated Larsen upon his agreement to comply with the conditions imposed by the Court. In our order, we cautioned Larsen that a violation of any of the conditions might result in a renewal of the indefinite suspension.

On March 1, 1991, Bar Counsel petitioned this Court to reimpose the indefinite suspension, claiming that Larsen had breached several of the conditions which we had imposed upon him. He recited that while Larsen had made known to his monitor, J. Brian Tansey, the requisite information concerning his practice in Montgomery County, he did not advise Tansey that he had taken over the practice of a disbarred lawyer in Baltimore, nor did he comply with the

conditions pertaining to the monitoring of his practice in that jurisdiction.

On April 1, 1991, we referred the matter to Judge William D. Missouri of the Circuit Court for Prince George's County to determine, after an evidentiary hearing, whether Larsen had violated the conditions of his reinstatement.

On July 18, 1991, Judge Missouri held a hearing, focusing in particular upon Larsen's alleged failure in his Baltimore practice to have his monitor co-sign checks on his escrow account and to include in his retainer agreement, as previously approved by Bar Counsel, a provision which allowed his monitor to have access to his files, as well as requiring that his clients be informed that he had a monitor.

The evidence at the hearing disclosed that Larsen, whose practice was centered in Montgomery County, had opened the Baltimore office in February of 1990. Tansey, the monitor, testified that he did not know about the Baltimore office until he received a letter from Larsen, dated January 25, 1991, asking him to consult with him about his Baltimore practice. Tansey said that he was never asked to be a co-signer with Larsen on his escrow account used in association with his Baltimore office. In addition, Tansey stated that the retainer agreement used by Larsen in the Baltimore office was not the same retainer agreement approved by Bar Counsel for use in his Montgomery County office. The court noted that the retainer agreement used in Baltimore did not mention that Larsen's practice was being monitored by Tansey.

Larsen testified that he opened the Baltimore office, taking over the practice of a disbarred lawyer, because he "saw an opportunity to take over that practice and make some money." Larsen claimed that he did not tell Tansey because "he felt that Tansey was overburdened with many personnel problems he had in [his] Riverdale [office]." Larsen acknowledged that he was required to have Tansey co-sign all his escrow checks but failed to do so. Asked whether it was a condition of his reinstatement that the

retainer agreement name Tansey as his monitor, Larsen again acknowledged that this was a requirement of his reinstatement. He said that this was not done at his Baltimore office because he continued to use the agreement that the disbarred lawyer had used. He also stated that because Tansey was not monitoring the cases in the Baltimore office, the clients did not need to be informed about him.

By his findings of fact and conclusions of law filed on August 14, 1991, Judge Missouri determined that, as charged by Bar Counsel, Larsen violated the conditions of his reinstatement. Larsen did not take exception to these findings. Bar Counsel has recommended that Larsen's indefinite suspension be reimposed.

At the hearing before us, Larsen suggested that we permit him to continue to practice "subject to whatever continuing or tighter controls with respect to monitoring or other assurances of proper conduct on respondent's part the Court may deem appropriate [and] will adequately protect the public, as attorney disciplinary proceedings are intended to do." Larsen noted that while there were violations of the conditions in connection with his Baltimore office, he fully complied with the conditions in conducting his Montgomery County practice, *i.e.*, that Tansey co-signed all escrow checks emanating from his Rockville office, and that the retainer form used there disclosed the existence and identity of Tansey. Now that he has divested himself of his Baltimore practice, Larsen says that "it would seem that the source, or at least the locus, of his difficulties now has been removed." Larsen advances the further notion that his "forthright acknowledgments" to Judge Missouri concerning his noncompliance at his Baltimore office should reflect favorably on his character and integrity. As to this, he said that he "is entirely candid and open about his conduct and activities"; that he did not in any manner "endeavor to dissemble, to misrepresent, to mislead, to hide, or to avoid disciplinary proceedings [and] readily admitted his shortcomings with respect to compliance with the condi-

tions." His errors, he said, were of omission rather than commission and did not cause or occasion any loss, injury, or harm to anyone. He asks that we afford him a "second chance."

We view Larsen's violation of our reinstatement order of January 23, 1990, as constituting a serious breach of the trust imposed in him both by Bar Counsel and this Court in effectuating the termination of his indefinite suspension. The conditions relating to the monitor's supervision of Larsen's practice by a lawyer approved by Bar Counsel, to which Larsen expressly agreed, was central to our decision to permit him to resume his practice. On the evidence before us, it is readily apparent that Larsen knowingly ignored the fundamental import of this condition. The existence of the Baltimore office was not made known to the monitor for almost one year, leaving Larsen totally unsupervised by his monitor in his practice in that jurisdiction. Indeed, he embarked on this course of action only one month after he agreed to the conditions which we imposed in terminating his indefinite suspension. In the circumstances, we decline to heed Larsen's plea for a "second chance" at this time. Accordingly, the Clerk of this Court is directed to remove the name of Peter Larsen from the register of attorneys authorized by this Court to practice law in Maryland and certify that fact to the Clerks of all judicial tribunals in the State in accordance with Maryland Rule BV13.

ORDER OF THIS COURT DATED JANUARY 23, 1990 REINSTATING PETER LARSEN TO THE PRACTICE OF LAW IN MARYLAND VACATED, AND THE INDEFINITE SUSPENSION IMPOSED UPON HIM BY THIS COURT'S ORDER OF NOVEMBER 28, 1989 IS HEREBY REIMPOSED. THE RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTOR-

NEY GRIEVANCE COMMISSION AGAINST PETER LARSEN.